UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA DORSEY,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                        Defendant. | Case No.:  15-CV-1441-L-WVG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE MOTION CUT-OFF DATE FOR MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF NO. 66]** |

## BACKGROUND

On August 24, 2016, plaintiff Christina Dorsey ("Plaintiff") and defendants City of San Diego, San Diego Police Department, Chief Shelley Zimmerman, Sergeant Cephas, Officer Ponce, Officer Esquer, Officer Hendee, Officer Anderson, and Officer St. Clair (collectively "Defendants") filed a Joint Motion to Continue Expert Deposition Date for Jack Smith. ECF No. 63. On August 25, 2016, the Court denied the motion without prejudice. ECF No. 64. At 5:20 P.M. on August 25, 2016, the Court convened a telephonic status conference where the parties renewed their motion to extend fact discovery. The Court granted the motion upon a finding of good cause. ECF No. 65. On August 31, 2016 at 1:20 P.M., the parties filed a Joint Motion To Continue Motion Cut-Off Date For Motion For Summary Judgment To Accommodate Settlement Discussions

("Joint Motion"), requesting the Court to continue the motion cut-off date set for September 2, 2016 to October 7, 2016. ECF No. 66.

### RULING

Based on the good cause shown, the Court hereby GRANTS the Joint Motion and continues the motion cut-off date for summary judgment to **September 23, 2016**.

Pursuant to FRCP 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it [ ]" and FRCP "16 is to be taken seriously." Fed. R. Civ. P. 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Indeed, parties must "diligently attempt to adhere to [the Court's] schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

FRCP 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007); citing *Johnson*, 975 F.2d at 609. In *Johnson*, the Ninth Circuit Court of Appeal explained,

> …Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)…[T]he focus of the inquiry is upon the moving party's reasons for seeking modification…If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference…" *Jackson*, 186 F.R.D. at 608.

In the August 24, 2016 Joint Motion to Continue Expert Deposition Date for Jack Smith, the parties made no mention to the Court of a potential settlement offer. *See* ECF No. 63. Further, the parties did not request an extension of the motion cut-off date. *See id*. On the August 25, 2016 telephonic status conference, again, the parties made no mention to the Court of any potential settlement offer nor did the parties request an extension of the motion cut-off date. The parties were aware this date was looming as it has remained unchanged since the Court set the Scheduling Order on December 14, 2015. *See* ECF No. 23 at 3. Defendants were made aware of Plaintiff's settlement offer on August 26, 2016 yet the parties chose to wait until two days before the cut-off deadline to file a request to extend the deadline. *See* ECF No. 66 at 1. Based on the foregoing facts, the Court would be justified in denying the request with prejudice.

However, the Court finds there is good cause to continue the deadline solely because the parties have represented to the Court they "believe there is a genuine prospect that the parties can reach an informal settlement of the matter based upon Plaintiff's latest demand." *Id*. at 2. The parties have represented to the Court that Defendants will brief the San Diego City Council on September 20, 2016. *Id*. at 2. Given this, the Court finds that good cause does not exist to extend the motion cut-off date to October 7, 2016. Should the City Council approve the settlement offer, it is likely no motion for summary judgment will be required. Should the City Council reject the settlement offer, the Court is confident the parties will be able to complete any motions by the continued deadline.

/ / /

/ / /

/ / /

1        Finding good cause, the Court grants the Joint Motion. The motion cut-off date for
2  summary judgment only is hereby continued to **September 23, 2016**. No further requests
3  for extension will be entertained by the Court. All other dates are unchanged.
4        **IT IS SO ORDERED.**

6  Dated: September 1, 2016

                                                      Hon. William V. Gallo
                                                      United States Magistrate Judge